IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM GLEN HINTON, #25007244, PLAINTIFF, | § § § § | |
| V. | § | CIVIL CASE NO. 3:25-CV-3432-X-BK |
| MARION BROWN, ET AL., DEFENDANTS. | § § § § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition when appropriate. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.

**I. BACKGROUND**

On December 15, 2025, Plaintiff William Glenn Hinton, a Dallas County Jail detainee, filed a complaint under 42 U.S.C. § 1983 against Dallas County Sheriff Marion Brown and Commissary Supervisor Machit Keefee. Doc. 3 at 4. He alleges that Defendants deny him and other inmates in the North Tower the opportunity to buy care packages from the jail commissary as do South Tower and West Tower inmates. Doc. 3 at 5. He asserts that while, formerly, all inmates were able purchase care packages, North Tower inmates are now excluded from that process. Doc. 3 at 5. Hinton complains that this change amounts to "discrimination against the North Tower inmates" and shows "favoritism to the South and West Tower inmates[.]" Doc. 3

at 5.  He requests $50,000,000.00 in damages for mental anguish, undue suffering and cruel and unusual harm and treatment.  Doc. 3 at 5.

## II. ANALYSIS

Because Plaintiff is proceeding in forma pauperis, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1).  Those statutes provide for the *sua sponte* dismissal of an action if the Court finds that it (1) is frivolous or malicious, (2) fails to state claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under the most liberal construction, however, Hinton's complaint is frivolous and fails to state a claim.

First, Hinton raises a general discrimination claim under 42 U.S.C. § 1983.  To plead a discrimination claim under § 1983, a plaintiff must allege (1) that they were treated differently from a similarly situated individual of a different race, gender, religion, or alienage, and (2) that the differential treatment was motivated by discriminatory intent.  *See Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 412 (5th Cir. 2015) (citing *Priester v. Lowndes County*, 354 F.3d 414, 424 (5th Cir. 2004)).  Hinton alleges only that Defendants are denying him and inmates in the

North Tower the opportunity to buy care packages from the jail commissary.  While he alleges that West Tower and South Tower inmates receive different treatment, he wholly fails to allege any facts to support a claim that the treatment was related to his and the other North Tower inmates' race, gender, religion, or alienage.  *See Quiroz v. Hernandez*, ___ F.4th ___, 2025 WL 3768726, at *3 (5th Cir. Dec. 31, 2025) (finding the plaintiff pleaded no facts establishing a plausible discriminatory intent).  Indeed, he clearly states that the alleged discrimination is driven only by where he is housed within the jail.  Hinton thus fails to allege a claim of discrimination proscribed by § 1983.

Second, 42 U.S.C. § 1997e(e) bars a prisoner plaintiff from recovering compensatory damages absent a showing of physical injury.  Here, Hinton does not allege that he suffered such an injury as a result of being unable to buy a care package form the jail commissary.  Thus, he may not recover for alleged mental or emotional injury.

In sum, this action lacks any plausible legal basis and should be dismissed.

### III. LEAVE TO AMEND

Generally, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).  Even so, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* Hinton's apparent claim is fatally infirm.  Based on the most deferential review of his complaint, it is unlikely that, given the opportunity, he could allege cogent and viable legal claims.  Under

these circumstances, the Court can only conclude that he has already pleaded his best case and

that granting leave to amend would be futile and cause needless delay.[1]

### IV. CONCLUSION

For all these reasons, this action should be **DISMISSED WITH PREJUDICE** as

frivolous and for failure to state a claim.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. §

1915A(b)(1).

**SO RECOMMENDED** on January 26, 2026.

_____

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).

---

[1] In any event, the 14-day objection period attendant to this recommendation will permit the Hinton the opportunity to allege any cognizable claims of constitutionally proscribed discrimination and any plausible facts supporting such claim.